UNITED STATES *ex rel.* JONES *v.* MACON COUNTY COURT.

*Circuit Court, E. D. Missouri, N. D.* May 28, 1888.

RAILROAD COMPANIES — MUNICIPAL AID — LIMITATION ON ANNUAL TAX — MANDAMUS TO LEVY SPECIAL TAX.

    Though a judgment has been obtained on coupons of county bonds issued under section 13 of the Missouri act of February 20, 1865, incorporating the Missouri & Mississippi Railroad, which provided that the amount of the special tax to be levied in any one year for their payment should not exceed one-twentieth of one per cent., *mandamus* will not lie to compel the levy of a higher special tax to pay such judgment, as the holders of such bonds are chargeable with notice of the provisions of the statute under which they are issued.

Original Proceeding in *Mandamus.*
*Sanders & Bowers,* for relator.
*R. G. Mitchell,* Pros. Atty., and *Guthrie & Dysart,* for respondents.

THAYER, J. This a *mandamus* proceeding to compel the respondents to levy a special tax to pay a judgment recovered against Macon county, in the central division of the Western district of Missouri, on November 25, 1884, in the sum of $8,974.39. The case has been submitted in this district on the pleadings, and on a stipulation conceding certain facts. It will suffice to say that from the pleadings and stipulation it appears that the judgment referred to was based on coupons of bonds issued by Macon county pursuant to power conferred by the thirteenth section of an act passed on February 20, 1865, to incorporate the Missouri & Mississippi Railroad. That section (as is well known) authorized the issue of bonds without a popular vote, but limited the amount of the special tax that might be levied in any one year for their payment to one-twentieth of one per cent. It is conceded that Macon county has thus far levied one-twentieth of one per cent. annually, to meet the bonds that were issued under the act in question, and that the proceeds of the tax have been properly applied to the payment of the interest on the bonds. Upon this state of facts it is obvious that the case is controlled by the decision in the case of *U. S. v. Macon Co.,* 99 U. S. 589, and the peremptory writ prayed for must be refused. It was held in that case (following the general rule on the subject) that purchasers of municipal bonds are chargeable with notice of the statute under which they are issued. It was furthermore held that if the statute under which bonds are issued limits the rate of special taxation for their payment, the bondholder cannot by *mandamus* enforce the levy of a higher special tax. That decision determines the present controversy.

In the case of *U. S. v. Clark Co.,* 96 U. S. 211, it was held that bonds issued under the thirteenth section of the act to incorporate the Missouri & Mississippi Railroad Company are debts of the county, as fully as any other liabilities, and that for any balance due on the same after the special tax of one-twentieth of one per cent. is exhausted, the holder is entitled to a warrant payable out of the funds of the county

raised for general county expenses. The application in this case, however, is not to obtain a warrant against the general fund, but to compel a special levy in addition to the rate prescribed by the statute under which the bonds were issued. The writ must, of course, be denied.

The relator's counsel seems to have been misled to some extent by the decision of this court in *U. S. v. Scotland Co.*, 32 Fed. Rep. 714. In that case the court was dealing with a statute which authorized county courts to issue bonds, but did not limit the power of taxation for their payment. What was said in that case must be understood in its relation to such a statute as was then under consideration. That decision has no bearing on the present controversy. The statute under which the bonds involved in this suit were issued required the bondholder to depend on the special tax of one-twentieth of one per cent. and the general county revenue for their payment. A peremptory writ is denied, and the proceeding is dismissed at relator's cost.